**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORDAN LANGLEY,** ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| vs. ) | 1. Violation of Federal Fair Debt |
| ) | Collection Practices Act |
| **HUNT & HENRIQUES, INC.**; DOES ) | 2. Violation of Rosenthal Fair Debt |
| 1-10 inclusive, ) | Collection Practices Act |
| ) | |
| Defendant. ) | **JURY REQUESTED** |

### I.  INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION & VENUE

2.     The action in this complaint arises under a federal question, namely the FDCPA, 15 U.S.C. § 1692, *et seq.*, and jurisdiction therefore proper pursuant

to 28 U.S.C. § 1331.  Plaintiff's state law claim for Defendant's violations of the RFDCPA, Cal. Civ. Code § 1788, *et seq.*, arises under the same set of facts as Plaintiff's federal question, and supplemental jurisdiction is therefore proper pursuant to 28 U.S.C. § 1367(a).

3.      The main events giving rise to this action occurred within this district, and venue is therefore proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2).

### III. PARTIES

4.      Plaintiff, JORDAN LANGLEY ("Plaintiff"), is a natural person residing in Placer County in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(h) and a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5.      At all relevant times herein, Defendant HUNT & HENRIQUES, INC. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f), and "debt," as defined by 15 U.S.C. §1692a(5).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c) and FDCPA, 15 U.S.C. §1692a(6).

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV. FACTUAL ALLEGATIONS

8.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

9.    On or around January 22, 2016, Defendant sent Plaintiff a letter in connection with collection on an alleged debt.

10.    On or around February 15, 2016, Plaintiff sent Defendant a letter requesting that Defendant provide Plaintiff with verification of the alleged debt and the original creditor's name and address.  The letter was sent certified and received by Defendant on February 18, 2016.

11.    Furthermore, Plaintiff requested in the letter that Defendant update Plaintiff's credit to reflect the disputed status of the alleged debt.

12.    Defendant failed to provide any of the information requested in Plaintiff's letter.

13.    Moreover, on or around March 28, 2016, Defendant sent Plaintiff another letter in connection with collection on the alleged debt.  In the letter, Defendant threatened to file a lawsuit in connection with collection on the alleged debt that would result in Plaintiff being responsible for the alleged debt and Defendant's costs and other losses for Plaintiff.

14.    As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about August 9, 2016. Defendant has failed to respond favorably, if at all, to this day.

15.    §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16.    Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a)   Threatening to take an action against Plaintiff that is prohibited by the RFDCPA (Cal. Civ. Code § 1788.10(f));

    b)   Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal. Civ. Code § 1788.13(j));

    c)   Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (15 U.S.C. § 1692e(4));

    d)   Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (15 U.S.C. § 1692e(5));

    e)   Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

    f)   After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first provided validation of the debt (15 U.S.C. § 1692g(b)); and

    g)   After having received a written communication from Plaintiff requesting the name and address of the original creditor, continuing to contact Plaintiff without having first provided

the name and address of the original creditor (15 U.S.C. § 1692g(b)).

17.    As a result of the above violations of the RFDCPA and FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

18.    Plaintiff reincorporates by reference all of the preceding paragraphs.

19.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

20.    Plaintiff reincorporates by reference all of the preceding paragraphs.

21.    To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;

C.    Costs and reasonable attorney's fees; and

D.    For such other and further relief as may be just and proper.

## **TRIAL BY JURY**

22.    Plaintiff requests a trial by jury for all claims thereby triable pursuant

to his rights under the Seventh Amendment to the United States Constitution.

Respectfully submitted this 9th day of February, 2017.

By:   /s/ Todd M. Friedman, Esq.

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff, Jordan Langley

Complaint - 6