HUNT & HENRIQUES
ATTORNEYS AT LAW
Michael S. Hunt # 99804
Kurtiss A. Jacobs # 218950
Donald Sherrill #266038
151 Bernal Road #8
San Jose CA 95119-1306
Telephone: (408) 677-5822
Facsimile: (408) 360-8482

Attorneys for Defendants
File No. 1117072

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN LANGLEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HUNT & HENRIQUES, INC.;<br>DOES 1-10 inclusive,<br><br>　　　　　Defendants. | Case No.  2:17-cv-00281-WBS-EFB<br><br>HUNT & HENRIQUES, INC's ANSWER TO COMPLAINT |

HUNT & HENRIQUES, INC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by JORDAN LANGLEY ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Rosenthal Fair Debt Collection Practices Ac, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") are self-explanatory. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

LANGLEY v. HUNT & HENRIQUES, INC, et al. (CASE NO. 2:17-cv-00281-WBS-EFB)
DEFENDANTS' ANSWER TO COMPLAINT

## JURISDICTION AND VENUE

2. In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges subject matter jurisdiction arises under 28 U.S.C. §§ 1331, 15 U.S.C. § 1692, and 28 U.S.C. §§ 1367(a) for supplemental state claims. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant admits Plaintiff alleges that the main events giving rise to this action occurred within the Eastern District. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

## PARTIES

4. In answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff is a natural person who resides in the County of Placer, State of California. Defendant lacks knowledge or information sufficient to form a belief as to whether the financial obligations referenced by the Complaint were incurred primarily for personal, family or household purposes, and on that basis, denies that Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a "debtor" as that term is defined by Cal. Civ. Code §§ 1788.2(h). Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendant denies that HUNT & HENRIQUES, INC. was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to whether the financial obligations referenced by the Complaint were incurred primarily for personal, family or household purposes, and on that basis, denies that the debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) or a "consumer debt" as that term is defined by Cal. Civ. Code §§ 1788.2(f). Defendant denies that HUNT & HENRIQUES, INC. regularly attempts to collect debts alleged to be due another or that HUNT &

Page 2

LANGLEY v. HUNT & HENRIQUES, INC., et al. (CASE NO. 2:17-cv-00281-WBS-EFB)
DEFENDANTS' ANSWER TO COMPLAINT

HENRIQUES, INC. is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c) and FDCPA, 15 U.S.C. 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits Plaintiff alleges that Defendant, and its subsidiaries and agents are collectively referred to as "Defendants"; that the true names an capacities of the Defendant sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names; that each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein; and that Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities are known. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendant admits Plaintiff alleges that Plaintiff is informed and believes that at all times relevant, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants and that Plaintiff alleges he is informed and believes that believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

## FACTUAL ALLEGATIONS

8. Deny.
9. Deny.
10. Deny.
11. Deny.
12. Admit.

13. Deny.

14. Deny that Plaintiff retained counsel as a result of Defendant's actions. The second sentence requires no answer of Defendant, because Plaintiff does not allege to whom he "sent [the] notice of representation on or about August 9, 2016." Admit that Defendant has failed to respond "favorably" giving the sentence its reasonable interpretation that by "favorably," Plaintiff would have been satisfied with nothing less than a termination of all debt collection efforts.

15. In answering Paragraph 15 of the Complaint, Defendant avers that the contents of the Rosenthal Fair Debt Collection Practices Ac, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") are self-explanatory. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. Deny.
    A. Deny.
    B. Deny.
    C. Deny.
    D. Deny.
    E. Deny.
    F. Deny.
    G. Deny.

17. Deny.

## COUNT I – ALLEGED VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant incorporates by reference all of the preceding paragraphs.
19. Denied.

### PLAINTIFF'S PRAYER FOR RELIEF AS TO COUNT I

A. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested.

B. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested.

C. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested.

D. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested.

## COUNT II – ALLEGED VIOLATION FO ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant incorporates by reference all of the preceding paragraphs.
21. Denied.

## PLAINTIFF'S PRAYER FOR RELIEF AS TO COUNT II

A. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested.

B. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested.

C. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested.

D. Defendant denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested.

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

22. Admit.

## AFFIRMATIVE DEFENSES

1. Although Defendant did not violate any statute or other duty, any violation that might have occurred would be subject to the bona fide error defenses codified in 15 United States Code § 1692k(c) and California Civil Code § 1788.30(e).

//
//
//

Page 5

LANGLEY v. HUNT & HENRIQUES, INC, et al. (CASE NO. 2:17-cv-00281-WBS-EFB)
DEFENDANTS' ANSWER TO COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recovers attorney fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 1, 2017

Donald Sherrill
Hunt & Henriques
Attorney for Defendants

Page 6

LANGLEY v. HUNT & HENRIQUES, INC, et al. (CASE NO. 2:17-cv-00281-WBS-EFB)
DEFENDANTS' ANSWER TO COMPLAINT